Steven M. Olson, Esq. (SB No. 146120)
Jacob M. Faircloth, Esq. (SB No. 305390)
BLUESTONE FAIRCLOTH & OLSON, LLP
1825 4th Street
Santa Rosa, CA 95404
Telephone: (707) 5726-4250
Facsimile: (707) 526-0347
Email: steve@bfolegal.com

Attorney for Timothy W. Hoffman, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

WESTMORE PROPERTIES, LLC,

    Debtor.
_____/

TIMOTHY W. HOFFMAN, Chapter 7
Trustee for the Estate of Westmore
Properties, LLC,

    Plaintiff,

v.

MARILYN BLAUSTEIN, an individual,
and CAROL HELZBERG, an individual,

    Defendants.
_____/

Case No. 21-30770-HLB
(Chapter 7)

A.P. No. _____

**FIRST AMENDED COMPLAINT**

Timothy W. Hoffman, Chapter 7 Trustee (the "Plaintiff" or the "Trustee") for the estate of Westmore Properties, LLC (the "Debtor"), alleges as follows:

**I.**

**PARTIES**

1. Defendant Marilyn Blaustein ("Ms. Blaustein") is an individual. She may be served with process via first-class mail sent to her at 70 Cascade Drive, Mill Valley, CA 94941.

2. Defendant Carol Helzberg ("Ms. Helzberg") is an individual. She may be

**FIRST AMENDED COMPLAINT** - Page 1

served with process via first-class mail sent to her at 41 Clear Creek Road, San Geronimo, CA 94941-0509.

3. The Plaintiff is the Chapter 7 trustee for the Debtor's estate.

## II.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Furthermore, this is a "core" proceeding pursuant to 28 U.S.C. § 157(b), pursuant to the November 22, 2021 filing of the Chapter 7 petition of the Debtor commencing Case No. 21-30770-HLB. This complaint is brought pursuant to 11 U.S.C. §§ 548 and 550 and Federal Rule of Bankruptcy Procedure 7001. Venue is proper in this court pursuant to 28 U.S.C. § 1409(a). The Plaintiff consents to entry of a final order or judgment by the bankruptcy court.

## III.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS TO AVOID AND RECOVER FRAUDULENT TRANSFERS
## (11 U.S.C. § 548, 550)

5. The Plaintiff realleges the allegations contained in paragraphs 1 through 4 above.

6. Ms. Blaustein and Ms. Helzberg formed the Debtor on or about June 24, 2008.

7. Ms. Blaustein and Ms. Helzberg made a series of capital contributions to the Debtor to enable the Debtor to purchase residential properties.

8. On or about June 20, 2017, the Debtor purchased the real property located at 55 Geldert Drive, Tiburon, CA 94920 (the "Geldert Property"). Ms. Blaustein and Ms. Helzberg then managed substantial renovations to the Geldert Property.

9. On or about June 14, 2018, the Debtor sold the Geldert Property to Gregory Cox ("Mr. Cox").

10. On or about December 10, 2018, the Debtor purchased the real property located at 388 Edgewood Avenue, Mill Valley, CA 94941 (the "Edgewood Property").

11.     By letter sent on August 14, 2020, Mr. Cox informed the Debtor, Ms. Helzberg, and Ms. Blaustein of his asserted claim for damages arising from his purchase of the Geldert Property and of his request for mediation of his claim.

12.     On or about August 28, 2020, after the Debtor, Ms. Helzberg and Ms. Blaustein had been informed of the claim of Mr. Cox, the Debtor sold the Edgewood Property. The Debtor received a wire transfer of $1,534,476.88 from the escrow for the sale of the Edgewood Property on August 31, 2020.

13.     On September 1, 2020, the Debtor made a return of capital to Ms. Helzberg via account-to-account transfer in the amount of $758,443.44. On September 1, 2020, the Debtor made a return of capital to Ms. Blaustein via check no. 1230 in the amount of $774,443.44. These transfers left the Debtor with under $1,000 in its bank account.

14.     The Debtor's September 1, 2020, transfers to Ms. Blaustein and Ms. Helzberg rendered the Debtor insolvent. The transfers also left the Debtor with unreasonably small capital for its business and transactions. The Debtor's remaining assets were limited to a very small amount of cash plus some staging furniture, per the Debtor's bankruptcy schedules and statement of financial affairs. The Debtor received less than reasonably equivalent value in exchange for the transfers.

15.     The Plaintiff is informed and believes the Debtor made the September 1, 2020, transfers to Ms. Blaustein and Ms. Helzberg with the actual intent to hinder, delay or defraud Mr. Cox.

IV.

**SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
TO RECOVER UNAUTHORIZED DISTRIBUTIONS**
(Cal. Corp. Code § 17254)

16.     The Plaintiff realleges the allegations contained in paragraphs 1 through 15 above.

17.     Ms. Blaustein is obligated to return the $774,443.44 distribution she received from the Debtor on September 1, 2020, pursuant to Section 17254(e) of the

California Corporations Code.

    18.    Ms. Helzberg is obligated to return the $758,443.44 distribution she received from the Debtor on September 1, 2020, pursuant to Section 17254(e) of the California Corporations Code.

    WHEREFORE, the Plaintiff requests that the Court:

    1.    Award the Plaintiff judgment avoiding the September 1, 2020, transfer to Ms. Helzberg in the amount of $758,443.44;

    2.    Award the Plaintiff judgment avoiding the September 1, 2020, transfer to Ms. Blaustein in the amount of $774,443.44;

    3.    Award the Plaintiff judgment, against Ms. Helzberg, for return of the $758,443.44;

    4.    Award the Plaintiff judgment, against Ms. Blaustein, for return of the $774,443.44;

    5.    Award the Plaintiff his costs of suit and attorney's fees to the fullest extent authorized by applicable law; and

    6.    Grant the Plaintiff such other and further relief, at law or in equity, to which the Plaintiff may be justly entitled.

DATED: April 26, 2022    BLUESTONE FAIRCLOTH & OLSON, LLP

    */S/ Steven M. Olson*
By_____
    Steven M. Olson
ATTORNEY FOR PLAINTIFF