MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar No. 66489
KATHY QUON BRYANT, ESQ., CA Bar No. 213156
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@meyerslawgroup.com
       kquonbryant@meyerslawgroup.com

MURPHY, PEARSON, BRADLEY & FEENEY, P.C.
MARK S. PERELMAN, ESQ., CA Bar No. 120961
JONATHAN M. BLUTE, ESQ., CA Bar No. 240751
580 California St., 11th Floor
San Francisco, CA 94104
Telephone: (415) 788-1900
Facsimilie: (415) 393-8087
Email: MPerelman@MPBF.com
       JBlute@MPBF.com

Attorneys for Marilyn Blaustein and
Carol Helzberg, Defendants

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>WESTMORE PROPERTIES, LLC,<br><br>        Debtor. | Case No. 21-30770-HLB<br><br>Chapter 7 |
| TIMOTHY W. HOFFMAN, Chapter 7 Trustee for the Estate of Westmore Properties, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>MARILYN BLAUSTEIN, an individual, and CAROL HELZBERG, an individual,<br><br>        Defendants. | A.P. No. 22-03021 |

**DEFENDANTS MARILYN BLAUSTEIN'S AND
<u>CAROL HELZBERG'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT</u>**

Defendants MARILYN BLAUSTEIN ("Ms. Blaustein") and CAROL HELZBERG ("Ms.

Helzberg," together with Ms. Blaustein, "Defendants"), and each of them, answer the *First Amended Complaint* filed by plaintiff TIMOTHY W. HOFFMAN ("Plaintiff"), as trustee of the chapter 7 estate of Westmore Properties, LLC (the "Debtor"), on April 27, 2022, as follow:

## ANSWER TO COMPLAINT

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint. Defendants consent to the entry of a final order on judgment by the Bankruptcy Court.

5. Defendants restate and incorporate herein each of their answers to Paragraphs 1 through 4 of the Complaint, as if fully set forth herein in response to paragraph no. 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny each of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that the Debtor purchased the real property located at 55 Geldert Drive, Tiburon, CA 94920 (the "Geldert Property") on or about June 20, 2017, and that the Debtor engaged a licensed general contractor, Jorge Chavez, to renovate the Geldert Property. Defendants deny all other allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that a letter dated August 14, 2020 from counsel for Gregory Cox was received (the "Cox Letter") by the Debtor, and that the letter stated,

> [O]ur client is making a formal request to Westmore Properties LLC for mediation pursuant to section 22 A. of the Residential Purchase Agreement. Within five days from receipt of this letter – no later than Friday, August 21, 2020 – please provide us with your suggested date and time for the mediation. Regarding the location, we suggest that the parties select a qualified mediator at Judicial Arbitration and Mediation Services (JAMS), located at Two Embarcadero Center, in San Francisco. Should you decline our client's offer to mediate, he will proceed with legal action to recover his damages.

The Cox Letter did not quantify Cox's alleged "damages," nor did Defendants reasonably believe that

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

Cox's purported damages and defects, if any, would require the Debtor to expend any material costs or funding to remedy. Other than as averred herein, Defendants deny all allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that in the ordinary course of the Debtor's business, the Debtor sold the real property located at 388 Edgewood Avenue, Mill Valley, CA 94941 (the "Edgewood Property") on or about August 28, 2020, and that it received a wire transfer of $1,534,476.88 from escrow for the sale of the Edgewood Property on August 31, 2020. Defendants otherwise deny all allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that the Debtor transferred $758,443.44 to Ms. Helzberg on September 1, 2020 to repay Ms. Helzberg for loans she made to the Debtor (the "Helzberg Transfer") in the ordinary course of the Debtor's business. Defendants admit that on September 1, 2020, the Debtor issued a check in the amount of $774,443.44 to Ms. Blaustein to repay Ms. Blaustein for loans she made to the Debtor (the "Blaustein Transfer"), in the ordinary course of the Debtor's business. Defendants otherwise deny all allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny all allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny all allegations contained in Paragraph 15 of the Complaint.

16. Defendants restate and incorporate herein each of their answers to Paragraphs 1 through 15 of the Complaint as if fully set forth herein in response to paragraph no. 16 of the Complaint.

17. Defendants deny all allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny all allegations contained in Paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants, and each of them, assert each and all of the following separate and distinct affirmative defenses to the Complaint. Defendants reserve the right to assert additional affirmative defenses in the event that additional affirmative defenses become apparent during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense to the Complaint, Defendants assert and aver that Ms. Helzberg

and Ms. Blaustein, and each of them, received the Helzberg Transfer and the Blaustein transfer, respectively, in good faith and for value. To the extent that the Court orders that the Helzberg Transfer and the Blaustein Transfer may be avoided, Ms. Helzberg asserts a lien in the amount of $758,443.44 and Ms. Blaustein asserts a lien in the amount of $774,443.44.

### SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense to the Complaint, Defendants assert and aver that the Debtor's total assets were not less than the sum of its total liabilities plus the amount that would be needed, if the Debtor were to be dissolved, wound up, and terminated at the time of the distribution, to satisfy preferential rights upon dissolution, winding up, and termination of members whose preferential rights are superior to those of Ms. Helzberg and Ms. Blaustein.

### THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense to the Complaint, Defendants assert and aver that the Helzberg Transfer and the Blaustein Transfer, and each of them, were made at a time at which financial statements for the Debtor would demonstrate that on the basis of accounting practices and principles that were reasonable in the circumstances or on a fair valuation or other method that is reasonable under the circumstances, the Helzberg Transfer and the Blaustein Transfer were not prohibited, as provided for in Cal. Corp. Code § 17704.05(b).

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense to the Complaint, Defendants assert and aver that they had no knowledge that the Helzberg Transfer and/or the Blaustein Transfer were made in alleged violation of Cal. Corp. Code § 17704.05.[1]

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense to the Complaint, Defendants assert and aver that each of the Helzberg Transfer and the Blaustein Transfer, in part or in whole, constituted a repayment of advances or loans made to the Debtor in the ordinary course of business, and was not a distribution of

---

[1] The Trustee's Second Claim For Relief in the Complaint is based on Cal. Corp. Code § 17254, which was repealed. To the extent that the Trustee asserts a claim for a purported unauthorized distribution by a limited liability company, Defendants understand the Trustee to assert a claim for relief under Cal. Corp. Code Sec. 17704.05.

Case: 22-03021  Doc# 13  Filed: 06/24/22  Entered: 06/24/22 13:34:47  Page 4 of 5

profit or capital within the scope of Cal. Corp. Code § 17704.05 or 11 U.S.C. §§ 548 or 550.

**PRAYER**

WHEREFORE, Defendants pray for relief as follows:

    A.    That the Trustee take nothing by way of the Complaint;

    B.    For an award of costs against the Trustee, including reasonable attorneys' fees and expenses, to the extent authorized by applicable law; and

    C.    For such other and further relief as the Court may deem just and proper.

DATED: June 24, 2022

                        MEYERS LAW GROUP, P.C.

                        By:    /s/ Merle C. Meyers
                                Merle C. Meyers, Esq.
                                Attorneys for Marilyn Blaustein and
                                Carol Helzberg, Defendants