Steven M. Olson, Esq. (SB No. 146120)
Jacob M. Faircloth, Esq. (SB No. 305390)
BLUESTONE FAIRCLOTH & OLSON, LLP
1825 4th Street
Santa Rosa, CA 95404
Telephone: (707) 526-4250
Facsimile: (707) 526-0347
Email: steve@bfolegal.com

Attorney for Timothy W. Hoffman, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>WESTMORE PROPERTIES, LLC,<br>    Debtor. | Case No. 21-30770-HLB<br>Chapter 7 |
| TIMOTHY W. HOFFMAN, Chapter 7 Trustee for the Estate of Westmore Properties, LLC,<br>    Plaintiff,<br>vs.<br>MARILYN BLAUSTEIN, an individual, and CAROL HELZBERG, an individual,<br>    Defendants. | A.P. No. 22-03021 |

**JOINT DISCOVERY PLAN**

Plaintiff TIMOTHY W. HOFFMAN, TRUSTEE ("Plaintiff"), and Defendants MARILYN BLAUSTEIN, an individual, and CAROL HELZBERG, an individual (hereinafter collectively, "Defendants"), submit this Joint Discovery Plan pursuant to the provisions of Federal Rule of Civil Procedure 26, as incorporated into this proceeding by Federal Rule of Bankruptcy Procedure 7026.

**(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosure made or will be made;**

**(B) the subjects on which discovery may be needed, when discovery should be**

**completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

The parties' dialogue, and the discovery conference, have brought the parties to the conclusion that disclosures and discovery should be postponed for a limited time during which the Plaintiff will bring certain motions, which the Defendants will oppose. In particular, the Plaintiff intends to file a motion for summary judgment, and a motion to disqualify one of two co-counsel, Murphy, Pearson, Bradley & Feeney, P.C., representing the Defendants. The Defendants do not believe that either motion has merit, and will defend against both motions.

The summary judgment motion, in particular, would be dispositive of the adversary proceeding if successful, and the parties therefore agree that the deadlines for disclosures and discovery should be deferred until after the Court rules on that motion. The parties therefore request, based on counsels' differing schedules, that a hearing of both of the Plaintiff's intended motions be scheduled for October 6, 2022, and that the present scheduling conference be continued until that date or soon thereafter, at the Court's convenience.

If this adversary proceeding is not resolved via summary judgment, Plaintiff may depose Defendants and other witnesses whose identities are disclosed in discovery. Defendants anticipate deposing Gregory Cox, the plaintiff in related state court litigation, 2-5 other percipient witnesses, and other parties identified or made relevant by ongoing discovery, as well as experts identified by Plaintiff. All parties intend to propound interrogatories, request production of documents and request admissions, and Defendants intend to request physical inspections of alleged construction defects asserted by Mr. Cox in the state court litigation.

**(C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;**

The parties do not anticipate any unusual issues concerning disclosure or discovery of electronically stored information (ESI).

**(D) any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order;**

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

The parties are not presently aware of any issues regarding claims of privilege or of protection as trial-preparation materials.

**(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

The parties do not believe any changes to the limitations on discovery imposed under the relevant rules are necessary or warranted.

**(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not believe any other orders under Rule 26 or Rule 16(b) and (c) are presently necessary or warranted.

DATED: July 14, 2022         BLUESTONE FAIRCLOTH & OLSON, LLP

BY: */S/ Steven M Olson*
Steven M. Olson
ATTORNEY FOR PLAINTIFF

DATED: July 14, 2022         MEYERS LAW GROUP, P.C.

By: */s/ Merle C. Meyers*
Merle C. Meyers, Esq.
Attorneys for Marilyn Blaustein and
Carol Helzberg, Defendants